IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02978-CYC

ALTON DICKINSON

      Plaintiff,

v.

CRETE CARRIER CORPORATION;
JOSE GUERRERO PONS;
JOHN DOES I-X;
JANE DOES I-X; and
ABC CORPORATIONS I-X,

      Defendants.

---

**ORDER TO SHOW CAUSE**

---

This matter is before the Court *sua sponte* following the plaintiff's filing of an amended complaint, ECF No. 6. Because the amended complaint fails to allege sufficient facts to establish subject matter jurisdiction, the plaintiff is ORDERED to show cause as to why the action should not be dismissed without prejudice.

The plaintiff filed a complaint on July 2, 2026. ECF No. 1. The complaint alleges that federal jurisdiction derives from the diversity statute, 28 U.S.C. § 1332(a). *Id.* ¶ 19. Upon review, the Court determined that the complaint did "not adequately plead that the amount in controversy exceeds the $75,000 jurisdictional threshold" for diversity jurisdiction. ECF No. 5 at 1. *See State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1272 (10th Cir. 1998) ("Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor."). The complaint, which raises state-law tort claims for an auto

accident, alleges only in conclusory fashion that "the manner in controversy greatly exceeds, exclusive of interests and costs, the sums specified by 28 U.S.C. § 1332." ECF No. 1 ¶ 19. The complaint "contains no allegations regarding the level of damage sustained by the vehicles, the plaintiff's injuries or medical care, if any, or any other form of damages," and seeks only "compensatory damages in an amount exceeding $75,000, exclusive of interest and costs, in an amount to be specifically proven at trial." ECF No. 5 at 2.  Accordingly, the plaintiff was ordered to "amend his complaint to properly allege diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure," and was warned that failure to do so may result in a recommendation that the action be dismissed without prejudice. *Id.*

The plaintiff subsequently filed an amended complaint. ECF No. 6. As an initial matter, the plaintiff did not comply with the Local Rules by filing a separate notice of amended pleading and attaching a copy of the amended complaint striking through the deleted text and underlining the added text. *See* D.C.COLO.LCivR 15.1. The Court therefore has compared the initial and amended complaints without the benefit of seeing those changes. The only difference that the Court discerned is the addition of a single sentence in the amended complaint: "The crash resulted in serious injuries to Plaintiff Alton Dickinson." ECF No. 6, ¶ 2. This conclusory statement does not "satisfy the jurisdictional requirements of § 1332," even at the pleading stage. *Grimes v. Discount Towing, LLC*, 22-cv-01462-GPG, 2022 WL 2286788, at *1 (D. Colo. June 21, 2022) (citing *Navarez*, 149 F.3d at 1272); *see also Vreeland v. Wren*, No. 15-cv-01295-PAB-KMT, 2016 WL 9631667, at *6 (D. Colo. Sept. 26, 2016), aff'd, 702 F. App'x 676 (10th Cir. 2017). Again, the complaint does not allege the nature of the damage to the vehicles, the injuries sustained by the plaintiff, or the medical care or other expenses incurred. "If the mere allegation

that the plaintiff was 'seriously injured' sufficed to establish the jurisdictional amount, then virtually every personal injury case could be removed to federal court," and "[t]he amount in controversy requirement would be rendered meaningless." *Landeros v. Singh*, No. 2:25-cv-353-GJF-KRS, 2025 WL 1795159, at *2 (D.N.M. June 30, 2025) (citation omitted). The party asserting federal jurisdiction must, at a minimum, provide a "factual basis from which [the court] can infer in a non-speculative manner that the personal injuries for which Plaintiffs seek to recover give rise to a claim or claims for more than $75,000 in damages." *Id.* The plaintiff has failed to do so here.

THEREFORE, the plaintiff is **ORDERED** to show cause in writing on or before **July 17, 2026** as to why this Court should not recommend that the plaintiff's claims be dismissed without prejudice for lack of subject matter jurisdiction. In the alternative, by the same date, the plaintiff may once more amend his complaint to properly allege diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure. *See Awad v. Liberty Energy Co.*, 1:25-cv-00190-DLM-KRS, 2025 WL 672792 (D.N.M. Mar. 3, 2025) ("[D]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.") (citation omitted). This Order may be discharged upon a timely show of good cause or the filing of a properly amended complaint with sufficient allegations as to jurisdiction.

It is further **ORDERED** that without a timely showing of good cause or properly amended complaint, the Court may recommend dismissal without prejudice.

Entered and dated at Denver, Colorado, this 10th day of July 2025.

BY THE COURT:

Cyrus Y. Chung

3

United States Magistrate Judge

Case No. 1:26-cv-02978-CYC     Document 7     filed 07/10/26     USDC Colorado     pg 4 of 4

4