IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02978-CYC

ALTON DICKINSON,

 Plaintiff,

v.

CRETE CARRIER CORPORATION;
JOSE GUERRERO PONS;
JOHN DOES I-X;
JANE DOES I-X; and
ABC CORPORATIONS I-X,

 Defendants.

---

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court *sua sponte* following the plaintiff's filing of his second amended complaint, ECF No. 8, in response to the Court's Order to Show Cause, ECF No. 7. Because the plaintiff provided no additional facts in his second amended complaint establishing subject matter jurisdiction—despite being specifically warned that failure to do so may result in a recommendation of dismissal—the Court now RECOMMENDS that the case be dismissed without prejudice.

The plaintiff filed the original complaint on July 2, 2026. ECF No. 1. The complaint alleges that federal jurisdiction derives exclusively from the diversity statute, 28 U.S.C. § 1332(a). *Id.* ¶ 19. Upon review, the Court determined that the complaint did "not adequately plead that the amount in controversy exceeds the $75,000 jurisdictional threshold" for diversity jurisdiction. ECF No. 5 at 1. *See State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1272

(10th Cir. 1998) ("Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor."). The complaint, which raises state-law tort claims for an auto accident, alleges only in conclusory fashion that "the manner in controversy greatly exceeds, exclusive of interests and costs, the sums specified by 28 U.S.C. § 1332." ECF No. 1 ¶ 19. The complaint "contain[ed] no allegations regarding the level of damage sustained by the vehicles, the plaintiff's injuries or medical care, if any, or any other form of damages," and sought only "compensatory damages in an amount exceeding $75,000, exclusive of interest and costs, in an amount to be specifically proven at trial." ECF No. 5 at 2. Accordingly, the plaintiff was ordered to "amend his complaint to properly allege diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure," and was warned that failure to do so may result in a recommendation that the action be dismissed without prejudice. *Id.*

The plaintiff subsequently filed the first amended complaint. ECF No. 6. The first amended complaint was little better than the original. As an initial matter, the plaintiff did not comply with this district's required procedure for filing an amended complaint by separately attaching a redlined copy of the amended complaint. *See* D.C.COLO.LCivR 15.1. Nonetheless, the Court determined that the only change in the first amended complaint was the addition of a single sentence: "The crash resulted in serious injuries to Plaintiff Alton Dickinson." ECF No. 6 ¶ 2. This single, conclusory allegation failed to "satisfy the jurisdictional requirements of § 1332," even at the pleading stage. *Grimes v. Discount Towing, LLC*, 22-cv-01462-GPG, 2022 WL 2286788, at *1 (D. Colo. June 21, 2022) (citing *Navarez*, 149 F.3d at 1272); *see also*

*Vreeland v. Wren*, No. 15-cv-01295-PAB-KMT, 2016 WL 9631667, at *6 (D. Colo. Sept. 26, 2016), *aff'd*, 702 F. App'x 676 (10th Cir. 2017).

The plaintiff was then directed to "show cause in writing on or before July 17, 2026 as to why this Court should not recommend that the plaintiff's claims be dismissed without prejudice for lack of subject matter jurisdiction" or, in the alternative, "once more amend his complaint to properly allege diversity jurisdiction" by the same date. ECF No. 7 at 3. The Order to Show Cause explained the deficiencies in the first amended complaint and warned "that without a timely showing of good cause or properly amended complaint, the Court may recommend dismissal without prejudice." *Id.*

The plaintiff elected the latter route, filing the second amended complaint on July 15, 2026. ECF No. 8. The second amended complaint, like the first two attempts, is inadequate. Once again, the plaintiff did not comply with D.C.COLO.LCivR 15.1 by submitting a redlined copy of the amended complaint, and so once again, the Court is left to its own devices to spot the differences between the old and new versions. The Court has been unable to discern any meaningful changes. The complaint still fails to allege the nature of the damage to the vehicles, the injuries sustained by the plaintiff, or the medical care or other expenses incurred. "If the mere allegation that the plaintiff was 'seriously injured' sufficed to establish the jurisdictional amount, then virtually every personal injury case could be removed to federal court," and "[t]he amount in controversy requirement would be rendered meaningless." *Landeros v. Singh*, No. 2:25-cv-353-GJF-KRS, 2025 WL 1795159, at *2 (D.N.M. June 30, 2025) (citation omitted). The party asserting federal jurisdiction must, at a minimum, provide a "factual basis from which [the court] can infer in a non-speculative manner that the personal injuries for which Plaintiffs seek to recover give rise to a claim or claims for more than $75,000 in damages." *Id.* Despite repeated

explanations of the complaint's deficiencies and warnings that failing to address them could lead to a recommendation of dismissal, the plaintiff has failed to do so.

THEREFORE, because the plaintiff was ordered to show cause in writing why his complaint should not be dismissed or else submit a properly amended complaint, and the plaintiff has done neither, it is hereby **RECOMMENDED** that the case be dismissed without prejudice.[1] Because the defendants have not yet appeared in this action, there has been no opportunities for the parties to consent to magistrate-judge jurisdiction and, accordingly, it is **ORDERED** that the Clerk of the Court assign this case to a district judge for consideration of this Recommendation.

Respectfully submitted this 27th day of July 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). <u>Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.</u>